# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PEDRO GUEVARA, ADRIAN GRIMES,
ABEL HERNANDEZ, CLAUDIO
HERNANDEZ, MARTIN HERNANDEZ,
MOREL HERNANDEZ, JUAN PAREJA,
JOSE FIGUEROA,

              **Plaintiffs,**

-vs-                                      **Case No. 6:09-cv-177-Orl-18DAB**

BEAT ENTERPRISES, INC.,
                    **Defendant.**
_____

## AMENDED[1] REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed

herein:

| |
|---|
| **MOTION:**    **MOTION FOR DEFAULT JUDGMENT (Doc. No. 14)** |
| **FILED:**      **August 24, 2009** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

      On January 29, 2009, Plaintiffs Pedro Guevara, Adrian Grimes, Abel Hernandez, Claudio

Hernandez, Martin Hernandez, Morel Hernandez, Juan Pareja, Jose Figueroa sued Defendant for

unpaid overtime wages and violation of the minimum wage provision, as well as attorney's fees and

costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA"). Doc.

_____

[1]The Report and Recommendation is amended to correct a typographical error in the recommended attorney's fee
amount.

No. 1.  Following service of process (Doc. Nos. 8, 9) on May 23, 2009, Defendants failed to appear and Plaintiffs moved for entry of a clerk's default (Doc. No. 10) on June 17, 2009.  A default was entered on June 18, 2009. Doc. No. 11.

On August 24, 2009, counsel moved to withdraw from representation of four Plaintiffs, Morel Hernandez, Pedro Guevara, Abel Hernandez, and Martin Hernandez, who were not communicating. Doc. No. 15.  The same day, August 24, 2009, the remaining Plaintiffs Adrian Grimes, Claudio Hernandez, Juan Pareja, and Jose Figueroa moved separately for default judgment in their favor.  Doc. No. 14.  Counsel's motion to withdraw was granted.  Doc. No. 18.

On October 9, 2009, Plaintiffs Morel Hernandez, Pedro Guevara, Abel Hernandez, and Martin Hernandez were ordered to show cause why sanctions should not be imposed for failure to prosecute their claims.  Doc. No. 20.  The Clerk mailed the order to all four Plaintiffs cited, and the mail came back as undeliverable to three of them:  Morel Hernandez, Abel Hernandez, and Martin Hernandez. Plaintiff Pedro Guevara has filed no response to the Order to Show Cause.

It is respectfully **RECOMMENDED** that the claims of these four Plaintiffs be dismissed for failure to prosecute, and default judgment be entered on the remaining claims of Plaintiffs Grimes, Claudio Hernandez, Pareja, and Figueroa (collectively the "Remaining Plaintiffs").  The Remaining Plaintiffs move for a default judgment for wages owed, fees and costs incurred, and have filed supporting Affidavits (Doc. No. 14); the matter is now ripe for resolution.

The Court finds that Defendant's failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint.  Plaintiffs were employed by Defendant Beat Enterprises, Inc. for various time periods ranging from 2006 to 2008 as carpenters. Doc. No. 14-2, 14-3, 14-4, 14-5.  Defendant Brett Brush was an owner with operational control of the

corporation and constitutes a statutory employer under 29 U.S.C. § 203(d). Defendant Beat Enterprises, Inc., and Plaintiffs as employees, were regularly engaged in interstate commerce or in the production of goods for commerce. Doc. No. 1 ¶ 14.

Under the FLSA, an employer must pay one and one-half times the employee's regular rate for all hours worked in excess of forty hours per work week. 29 U.S.C. § 207(a). During their employment, Plaintiffs' regular rates of pay were at various levels, but they each allege via affidavit that they worked a certain number of hours for which they were not paid and/or they worked overtime for which they were not paid, as set forth below. As Defendant has defaulted, the Court finds that Plaintiffs are entitled to the entry of judgment on the issue of liability for unpaid wages and liquidated damages of an equal amount in the following amounts:

| | Dates Employed | Rate | Overtime Owed | Unpaid wages owed | Total with Liquidated Damages |
|---|---|---|---|---|---|
| Adrian Grimes | 1/06 - 1/08 | $25.00 | $0.00 | $1,755.00 | $3,510.00 |
| Claudio Hernandez | 8/07 - 2/08 | $14.00 | $546.00 | $1,872.00 | $4,836.00 |
| Juan Pareja | 9/07 - 1/08 | $15.00 | $0.00 | $1,287.00 | $2,574.00 |
| Jose Figueroa | 8/07 - 2/08 | $14.00 | $1,176.00 | $2,106.00 | $6,564.00 |
| **Total** | | | | | **$17,484.00** |

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the

court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment," it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Plaintiff seeks to recover **$3,504.00** for attorney's fees and **$450.00** for costs. Plaintiff's counsel avers that he and an associate spent 4.3 hours of time prosecuting this matter, at an hourly rate of $300.00 per hour; his associate spent 1.0 hour of time prosecuting this matter, at an hourly rate of $250.00 per hour; and his paralegals spent 15.8 hours at a rates of $105 (for 1.3 hours) and $95 per hour (for 14.5 hours). Doc. No. 14-6. Counsel has presented an itemized list of the services provide by his firm, and the time spent by attorneys and the paralegal appears reasonable for the tasks completed. *See* Doc. No. 14-7. The Court finds $300 for partner-level work, $250.00 per hour for associate attorney work and $105 and $95.00 per hour for paralegal work to be reasonable rates in this FLSA case. "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is respectfully **RECOMMENDED** that final judgment be entered in favor of Plaintiffs Grimes, Claudio Hernandez, Pareja, and Figueroa against Defendants Beat Enterprises, Inc. and Brett Bush in the amount of **$17,484.00** in damages, **$3,504.00** for attorney's fees and **$450.00** for costs (filing fee and service of process charges). It is further respectfully **RECOMMENDED** that the claims of Plaintiffs Morel Hernandez, Pedro Guevara, Abel Hernandez, and Martin Hernandez be dismissed for failure to prosecute.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 1, 2009.

_David A. Baker_
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy